IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DERRICK SIDDALL                                                                           PETITIONER

V.                                                             CIVIL ACTION NO.2:10CV81-NBB-JAD

LAWRENCE KELLY, et al.                                                                   RESPONDENTS

### REPORT AND RECOMMENDATION

Derrick Siddall seeks to challenge the state court's revocation of his sentence in this court. The respondents have moved to dismiss the complaint for failure to exhaust state court remedies. The petitioner has not responded in opposition to the motion.

### LIMITATIONS ON REVIEW

Consideration of a federal petition for habeas corpus is a two-tiered procedure. Before considering the merits of any claim the court must first determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. The petition must be timely filed.[1] Secondly, each claim in the petition must have been exhausted, 28 U.S.C § 2254(b)(1).[2] The claim must have been presented to the highest court in the state, here the Mississippi Supreme Court, either

---

[1] There is no challenge to the timeliness of this petition.

[2] "An application of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies in the courts of the State." 28 U.S.C. § 2254((b)(1)(A). "A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.), *cert. denied,* 516 U.S. 1050, 116 S.Ct. 115, 133 L. Ed. 2d 669 (1996) (citing *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L Ed 2d 379 (1982)). The doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts," and thus "serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, 455 U.S. at 518, 102 S. Ct. at 1204)) (citations omitted)).

on direct appeal or by post-conviction proceedings. If the claim is exhausted the court generally proceeds to the merits. If the claim is not exhausted and state post-conviction relief is no longer available the claim will be finally dismissed.[3] Petitioners must also meet state procedural requirements in the handling of their cases in state courts. If all the procedures have been followed in state court, the federal courts will then and only then address issues affecting substantial federal constitutional rights.

ANALYSIS

Siddall was found to have violated the terms of his post-release supervision and sentenced to serve eight years of his suspended sentence. He filed a motion for reconsideration with the trial court which was later denied. He then filed a notice of appeal. The appeal was dismissed for failure to pay costs. Thus the claim made before this court has not been presented to Mississippi's Supreme Court and Siddall has failed to exhaust his state court remedies. This petition must be dismissed.

Based upon the assumption that the motion for reconsideration amounts to a post-conviction motion the respondents seek to have the petition dismissed with prejudice. The default occurred in what appears to be an attempted direct appeal of the revocation. Mississippi law does not allow direct appeals of revocations and the appeal would have been dismissed in any event. *Rogers v State*, 829 So.2d 1287 (Miss. Ct. App. 2002). It therefore appears that Siddall may still have a post-conviction remedy available before the Mississippi courts and the undersigned therefore recommends that the petition be dismissed without prejudice.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure

---

[3] *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995)

to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

This the 18th day of April, 2011.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE